UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


CRAIG PRICE                            :
                                       :
      v.                               :        C.A. Nos. 04-038S and 12-214S
                                       :
A.T. WALL                              :


**MEMORANDUM AND ORDER**


On February 11, 2004, Petitioner Craig Price ("Price") filed a Petition under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody.[1]  At a hearing held on April 15, 2004,

Magistrate Judge Lovegreen of this Court found that Price's Petition was a mixed Petition which

included unexhausted claims and permitted Price to move to stay the case while he presented his

unexhausted claims in state court.  Price filed a Motion to Stay on April 19, 2004 which was granted

by District Judge Smith on April 30, 2004.

On December 2, 2011, the Rhode Island Supreme Court affirmed the denial of Price's

application for post-conviction relief.  Price v. Wall, 31 A.3d 995 (R.I. 2011).  Shortly thereafter,

Price filed a second Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody which was received by the Court on or about January 13, 2012 and is described by Price

as a fully-exhausted Petition.  On November 1, 2012, District Judge Smith ordered the State of

Rhode Island to respond to both the 2004 and 2012 Petitions.  On December 10, 2012, the State

responded to both Petitions with a Motion to Dismiss.  Price has not yet filed a substantive response

to the State's Motion to Dismiss.  Instead, he has sought several extensions of time and has twice

---

[1] On April 28, 2003, Price's direct appeal of his criminal contempt sentence was denied by the Rhode
Island Supreme Court.  State v. Price, 820 A.2d 956 (R.I. 2003).

moved for Appointment of Counsel.  On February 6, 2013, the Court granted Price an extension of time to respond to the State's Motion to Dismiss but denied his request for Court-appointed counsel. On March 21, 2013, Price renewed his request for appointment of counsel and sought yet another extension of time.

The State's Motion to Dismiss was filed over four months ago without any substantive response from Price.  Price contends that his ability to represent himself is "immensely hampered" by certain "significant barriers."  However, a review of the Petition and various detailed pleadings prepared and filed by Price to date in this case belie his claim that he is unable to effectively communicate his positions and the claimed support for those positions to the Court.

While the Court has the discretion to appoint an attorney to represent Price pursuant to 18 U.S.C. § 3006A(a)(2)(B) if "the interests of justice so require," there is no absolute right to an attorney in a civil case such as this, and it is rarely granted as a matter of discretion and available resources.  DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991).  Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of the petitioner to prosecute it.  Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984).  This analysis applies to persons such as Price seeking habeas corpus relief under 28 U.S.C. § 2254.  Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) ("[t]he decision to appoint counsel is discretionary, as 'an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding such as this for habeas corpus.'") (citation omitted). Price bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23.

Price has not demonstrated "exceptional circumstances" sufficient to convince the Court that he should be granted appointed counsel in this action.  As previously noted, a review of the documents filed in this case to the present time by Price belie his claims and demonstrate that he has the capacity to pursue his claims and that he has a basic understanding of the legal procedures to be followed.  If an evidentiary hearing is scheduled in this case, Price may refile his Motion for Appointed Counsel and the Court will reconsider the request.  See Rule 8(c), Federal Rules Governing Section 2254 cases.  Thus, the Court determines that Price does not meet the test for discretionary appointment of counsel and is, therefore, required to prosecute this action by himself.

A response to the State's Motion to Dismiss is long overdue.  In deference to Price's pro se status and his confinement outside of the District, Price is granted a FINAL EXTENSION of time to submit his response.  Price is ORDERED to file his response to the State's Motion to Dismiss by May 30, 2013; and the State may reply by June 15, 2013.  The Court will take the State's Motion to Dismiss under advisement based on the pleadings on file by those respective deadlines.

SO ORDERED

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 23, 2013